# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Joyce DeLoach, ) | |
| ) | Civil Action No. 1:16-cv-02377-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Wal-Mart Stores, Inc.; Wal-Mart Stores ) | |
| East, LP; and Mildred Simmons, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court pursuant to Plaintiff Joyce DeLoach's ("Plaintiff") Motion to Remand the instant case to the Court of Common Pleas of Allendale County, South Carolina. (ECF No. 7.) Defendants Wal-Mart Stores, Wal-Mart Stores East, LP, and Mildred Simmons (collectively "Defendants") oppose Plaintiff's Motion to Remand (ECF No. 7) and request that the court retain jurisdiction. (ECF No. 12.) For the reasons set forth below, the court **DENIES** Plaintiff's Motion to Remand (ECF No. 7).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 23, 2016, Plaintiff filed a complaint requesting a jury trial in the Court of Common Pleas in Allendale County, South Carolina. (ECF No. 1-1 at 1.) Plaintiff alleges that Defendant Mildred Simmons ("Simmons"), acting as an agent, servant or employee of Defendant Wal-Mart, placed plastic on the floor while unpacking boxes. (ECF No. 1-1 at 5.) Plaintiff claims that Simmons' negligence caused her to slip and fall, which resulted in "injuries to her knees, elbows, back and other parts of her body." (*Id.*) For jurisdictional purposes, Plaintiff claims that she is a resident of the State of South Carolina. (ECF No. 1-1 at 4.) Additionally, Plaintiff did not specify the amount of damages in the Complaint but "prays for judgment against the Defendants

for actual damages, punitive damages, for the costs of this action and for such other and further relief as this Court may deem just and proper." (ECF No. 1-1 at 6.)

On June 30, 2016, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1332. (ECF No. 1 at 1.) Specifically, Defendants claim that "[Simmons] is fraudulently joined" and no possible cause of action can be established against her because "South Carolina law does not create an affirmative duty to maintain safe premises of a store merely by virtue of being an employee." (ECF No. 1 at 2-3.)

On July 21, 2016, Plaintiff filed a Motion to Remand pursuant to 28 U.S.C. § 1447(c). (ECF No. 7 at 1.) Accordingly, Plaintiff argued that (1) Simmons actually caused the plastic to be on the floor, failed to remove it, and failed to warn of the danger she created and (2) Defendant Wal-Mart failed to properly hire, supervise, and train Simmons. (ECF No. 7-1 at 2.)

On August 8, 2016, Defendants filed a Response in Opposition to Plaintiff's Motion to Remand (ECF No. 12). Defendants reiterated their previous argument that Simmons is fraudulently joined, which cannot be used to defeat diversity. (ECF No. 12 at 1-2.)

On August 18, 2016, Plaintiff filed a Reply in Support of Motion to Remand (ECF No. 14). Plaintiff argued that the court is required to determine if there is a reasonable basis that liability can be found under the facts alleged. (ECF No. 14 at 1.) Moreover, Plaintiff asserted that Defendants could not "pierce the pleadings" and that the facts must be viewed in the light most favorable to Plaintiff. (ECF No. 14 at 2.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Thus, a defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a) (2012). A federal district court has "original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States; . . . ." 28 U.S.C. § 1332(a) (2012). In cases in which the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. *See Strawn v. AT & T Mobility LLC,* 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal and, when challenged, demonstrate basis for jurisdiction).

In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal. *Thompson v. Victoria Fire & Casualty Co.,* 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 292 (1938)). Generally, "the sum claimed by a plaintiff in her complaint determines the jurisdictional amount, and a plaintiff may plead less than the jurisdictional amount to avoid federal jurisdiction." *Phillips v. Whirlpool Corp.,* 351 F. Supp. 2d 458, 461 (D.S.C. 2005) (citing, *e.g., St. Paul Mercury Indem. Co.,* 303 U.S. at 294 ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.")) (internal citations omitted). However, where a complaint includes a request for nonmonetary relief or a request for a money judgment in a state that permits recovery in excess of the amount demanded, the court can look to the notice of removal to determine the amount in controversy. 28 U.S.C. § 1446(c)(2)(A) (2012). If the court finds by a preponderance of the evidence that the amount in controversy exceeds the amount specified in section 1332(a), then removal is proper. 28 U.S.C. § 1446(c)(2)(B).

Additionally, section 1332 requires complete diversity between all parties. *Strawbridge v. Curtiss,* 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999). Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.,* 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

### III. ANALYSIS

The relevant question before the court is whether Simmons is fraudulently joined.[1] Accordingly, Plaintiff argues that there is a lack of complete diversity because Simmons is a citizen of the State of South Carolina. (ECF No. 7-1 at 2.) In contrast, Defendant asserts that Simmons is fraudulently joined so her citizenship cannot be used to defeat diversity. (ECF No. 1 at 2.)

The Fourth Circuit Court of Appeals has stated that "[t]o show fraudulent joinder, the removing party must demonstrate either (1) outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). In the instant case, Defendants do not claim that there is fraud in Plaintiff's pleading of the jurisdictional facts. Instead, Defendants argue that "[Simmons] is fraudulently joined as an in-state defendant to this action, as there is no possibility that Plaintiff would be able to establish a cause of action against her." (ECF No. 1 at 3.) Therefore, if there is no allegation of fraud in the pleading, the moving party "bears a heavy burden – it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the

---

[1] It is undisputed that the amount in controversy exceeds $75,000. (*See* ECF No. 1 at 4:6; ECF No. 7-1 at 2.)

plaintiff's favor." *Hartley*, 187 F.3d at 424. Consequently, the Fourth Circuit noted that "[t]his standard is even more favorable to the plaintiff than the standard ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* Additionally, "[t]here need be only a slight possibility of a right to relief." *Id.* at 426.

As such, Defendants assert that South Carolina law "does not create an affirmative duty to maintain safe premises of a store merely by virtue of being an employee . . ." (ECF No. 1 at 3 (citing *Benjamin v. Wal-Mart*, 413 F. Supp. 2d 652, 656 (D.S.C. 2006)).) Further, Defendants contend that "Plaintiff explicitly admits that [Simmons] was acting within the course and scope of her employment as an associate at the time of the alleged incident and alleges all negligent acts against Wal-Mart through the theory of respondeat superior. Thus, there is no legal possibility of legal recovery against [Simmons] . . . ." (ECF No. 1 at 4.)

Alternatively, Plaintiff claims that "Simmons actually created the dangerous condition that caused Plaintiff to fall" by and emphasizes that the "key fact. . . [is Simmons] actually placed the plastic on the floor." (ECF No. 7-1 at 7-8.) In support, Plaintiff argues that the standard in a motion to remand requires a court determine "whether there is an 'arguably reasonable basis for predicting that state law might impose liability on the resident defendant under the facts alleged' in the Complaint." (ECF No. 14 at 1 (citing *Auto Ins. Agency, Inc.*, 525 F. Supp. at 1106).)

Notably, Plaintiff's claim is based on the theory of respondeat superior. (ECF No. 1-1 at 4:4.) Therefore, the court finds that the claim is an acknowledgement by Plaintiff that Simmons was acting within the scope of her employment. *See James v. Kelly Trucking Co.*, 377 S.C. 628, 631 (2008) ("The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts

occur in the course and scope of the employee's employment"); *See also Sams v. Arthur*, 135 S.C. 123, 128-31 (1926). As a consequence, Plaintiff's assertion that "[Simmons'] status as an employee of Defendant Wal-Mart has absolutely nothing to do with Plaintiff's claim against [Simmons]" (ECF No. 14 at 1) is mistaken. Furthermore, even if this court ignores the basis of the claim, an hourly employee has no duty to maintain a safe premises if that employee does not have a substantial level of control over the premises.[2] *See Benjamin*, 413 F. Supp. 2d at 656-57 (2006) (explaining that an employee has no duty to maintain a safe premises without evidence of substantial control of that premises . . . "[t]o hold otherwise would expose . . . hourly employees to burdensome personal liability . . . Such cannot be the intent of South Carolina negligence law") Plaintiff has not asserted that Simmons has any control over the premises in this case. Therefore, Defendant has demonstrated that there is no possibility that Plaintiff can establish a cause of action against Simmons in state court.

## IV. CONCLUSION

Based on the forgoing reasons, the court **DENIES** Plaintiff's Motion to Remand (ECF No. 7).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 24, 2016
Columbia, South Carolina

---

[2] The court observes that Plaintiff "acknowledges that [Simmons] was not a manager and had no supervisory control . . . [n]or does Plaintiff claim [Simmons] is liable under a premises liability theory." (ECF No. 14 at 1.)